# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-10585
Summary Calendar

CEDRIC MICHAEL WHALEY

Plaintiff-Appellee

v.

LUPE VALDEZ

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CV-1372

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Sheriff Lupe Valdez appeals the district court's order denying her motion for summary judgment on qualified immunity grounds in this 42 U.S.C. § 1983 case, brought by Cedric Michael Whaley, Texas prisoner # 1399010, for constitutional deprivations which allegedly occurred while he was a pretrial detainee at the Dallas County Jail. Sheriff Valdez argues that Whaley's evidence was insufficient to demonstrate her personal involvement in the alleged

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

constitutional deprivations and that the district court erred in failing to conduct a legal analysis of the objective reasonableness of her conduct.

The denial of a motion for summary judgment based upon qualified immunity is a collateral order capable of immediate review. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). However, this court's jurisdiction to review the denial is "significantly limited," extending to questions of law only. *Kinney v. Weaver*, 367 F.3d 337, 346 (5th Cir. 2004) (en banc). This court lacks jurisdiction to review the sufficiency of Whaley's summary judgment evidence or the district court's decision that a genuine factual dispute exists regarding whether Sheriff Valdez was personally involved in the alleged constitutional violations. *See id.; see also Behrens v. Pelletier*, 516 U.S. 299, 313 (1996).

This court does have jurisdiction to review Sheriff Valdez's argument that the district court erred in failing to make the purely legal determination that her conduct, as alleged, was objectively reasonable in light of clearly established law. *See Kinney*, 367 F.3d at 346. Review is limited to whether the district court erred in assessing the legal significance of the conduct it deemed sufficiently supported for purposes of summary judgment. *See Kinney*, 367 F.3d at 346.

Sheriff Valdez's assertion that the district court made no inquiry into the objective reasonableness of her conduct is incorrect. The district court detailed the parameters of the constitutional deprivations Whaley complained of, determining that they involved clearly established rights. Implicit in the district court's determination that a factual dispute existed regarding Sheriff Valdez's personal involvement in forcing Whaley to sleep on a concrete floor, denying him sufficient quantities of healthy food, denying him prescribed medications, and denying him treatment for knee and stomach problems during his four months of confinement which defeated qualified immunity is the legal conclusion that a reasonable official in the sheriff's position would understand that her conduct violated Whaley's clearly established rights. *See Anderson v. Creighton*, 483 U.S. 635, 640 (1987); *see also Kinney*, 367 F.3d at 346.

As the district court determined, Sheriff Valdez offered no explanation for the complained-of conduct, other than to deny her knowledge of any of the alleged constitutional violations and to conclusionally state that she acted objectively reasonably at all times. The sheriff did not argue below and does not now argue that Whaley's constitutional rights to be free from overcrowding which forced him to sleep on a concrete floor, to adequate nutrition, and to medicine or medical treatment were not clearly established. She similarly does not argue that any reasonable official who was aware of Whaley's complaints would have ignored them, and she has therefore waived any such arguments. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Accordingly, Sheriff Valdez has not shown that the district court erred in determining that she was not entitled to qualified immunity. The district court's judgment is AFFIRMED, and the case is REMANDED for further proceedings.